# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL REIFFER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HGM HOLDINGS LLC D/B/A HGM BUSINESS GROUP,<br><br>　　　　　Defendant. | 1:18-cv-1058-LJO-BAM<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO STRIKE**<br><br>(ECF No. 11) |

## I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

This is a copyright infringement dispute between Plaintiff Paul Reiffer ("Reiffer" or "Plaintiff"), a professional landscape, cityscape and commercial photographer, and Defendant HGM Holdings LLC, d/b/a HGM Business Group ("HGM" or "Defendant"), a consulting firm for small businesses that helps with strategic planning, daily operating procedure and marketing. ECF No. 1. The complaint alleges one count of copyright infringement in violation of 17 U.S.C. § 501, claiming HGM copied Reiffer's photograph from the internet to promote its business activities. *Id.* Defendant answered and on November 26, 2018, Plaintiff filed a motion to strike all twenty (20) of Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). ECF Nos. 6, 11. Defendant filed an opposition to the motion and Plaintiff replied. ECF Nos. 13-14. The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g). Having considered the parties' briefing and the relevant law, the Court issues the following order.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court, either on its own or on a party's motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient if it fails to provide the plaintiff with fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Redundant" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 121, n.4 (D.P.R.1972). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded . . . . 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 1382 (2d ed.)), *rev'd. on other*

*grounds*, 510 U.S. 517 (1994).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. *Id.* at 965-966; *Walters v. Fid. Mortg. of CA*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010) ("A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation"); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991), *on reconsideration*, No. CIV. 90-20610, 1991 WL 207480 (N.D. Cal. July 1, 1991) (same). Additionally, "[m]otions to strike are disfavored and infrequently granted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005); *Dorros v. JP Morgan Chase Bank, N.A.*, No. CV 10-08319 DMG (PJWx), 2011 WL 13217681, at *4 (C.D. Cal. July 22, 2011) ("Courts generally view Rule 12(f) motions with disfavor and grant them infrequently ... because of the limited importance of the pleadings in federal practice."); *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading . . . is an extreme and disfavored measure.").

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). An affirmative defense is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (10th ed. 2014); *see also Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."). "A defense which demonstrates that plaintiff has not met its burden of proof as to an element

3

plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "It does not, however, require a detailed statement of facts." *Id.*

## IV. DISCUSSION

Plaintiff moves to strike all twenty of HGM's affirmative defenses, claiming that Defendant filed "boilerplate, insufficient, and/or legally baseless affirmative defenses." ECF No. 11 at 3. Defendant's only argument in opposition to the motion to strike is that such motions are disfavored and thus the motion should be denied. ECF No. 13. HGM fails to address any of Plaintiff's individual arguments with respect to each affirmative defense.

Plaintiff submits that every one of HGM's twenty affirmative defenses should be stricken primarily on three grounds: (1) certain defenses are not proper affirmative defenses (Nos. 1-15, 18); (2) certain defenses do not have facts or argument in support (Nos. 2, 4-7, 10, 14, 20); and (3) certain defenses do not provide fair notice and are therefore insufficient affirmative defenses (Nos. 8, 9, 11, 12, 16, 18). ECF No. 11. The Court here agrees that that Defendant's affirmative defenses appear to be nothing more than boilerplate defenses without any elaboration to indicate if or how they may apply to this case.[1] On the other hand, "[m]otions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND

---

[1] Besides these boilerplate affirmative defenses, the rest of Defendant's answer asserts that "Defendant lacks sufficient knowledge to form a belief as to the truth of the matters asserted" in response to each and every paragraph of the complaint. ECF No. 6.

4

PROCEDURE: CIVIL, § 1381 (3d ed.).

Defendant throws the kitchen sink in affirmative defenses without making any effort to connect these boilerplate defenses to the facts of this case. Several affirmative defenses pled by Defendant are not actually affirmative defenses,[2] others are routinely stricken for not providing fair notice when pled without setting out the elements or relevant facts as Defendant has done here,[3] and many have an unclear relationship to the facts of the alleged single count of copyright infringement.[4] This is not an exclusive

---

[2] "Defenses challenging elements of a plaintiff's prima facie case are not appropriately characterized as affirmative defenses. . . However, district courts within this circuit have held that denials that are improperly pled as defenses should not be stricken on that basis alone." *San Diego Unified Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 854, 861 (S.D. Cal. 2018) (collecting cases). Several of Defendant's affirmative defenses have been stricken by courts for not being proper affirmative defenses: The First (failure to state a claim), Second (lack of subject matter jurisdiction), Third (standing), the Fifth and Seventh, which are identical (lack of proximate cause), Thirteenth (reservation of rights); Seventeenth (set off). *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) (striking affirmative defenses for failure to state a claim, standing, and that plaintiff suffered no injury because they "are not actually affirmative defenses at all") (collecting cases); *J & J Sports Prods., Inc. v. Barwick*, No. 5:12-CV-05284-LHK, 2013 WL 2083123, at *3–4 (N.D. Cal. May 14, 2013) ("Defendant's first (failure to state a claim), second and eleventh (lack of causation), [and] sixth (lack of damages). . . affirmative defenses must be stricken because they are not affirmative defenses but rather denials of the elements of Plaintiff's claims."); *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 493 (S.D. Cal. 2013) (reservation of rights is not an affirmative defense and striking without leave to amend, indicating that "[d]efendants may assert additional affirmative defenses later by amending their pleadings in compliance with Rule 15."); *but see Joe Hand Promotions, Inc. v. Dorsett*, No. 12-CV-1715-JAM-EFB, 2013 WL 1339231, at *3 (E.D. Cal. Apr. 3, 2013) (lack of proximate cause and lack of damages are not proper affirmative defenses as they merely negate elements of plaintiff's claims and attack plaintiffs prima facie case but denying motion to strike these defenses because Plaintiff failed to indicate how it was prejudiced by the presence of these defenses).

[3] The Eighth (estoppel), Ninth (waiver), Eleventh (unclean Hands), Twelfth (unjust enrichment), Sixteenth (statute of limitations), and Eighteenth (laches) affirmative defenses may be proper affirmative defenses. However, all these defenses are stated in purely conclusory terms and this has been found to be insufficient for failure to provide fair notice. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("simply refer[ring] to the doctrines without setting forth the elements of its affirmative defenses. . . does not provide 'fair notice' of [defendant's] defenses" of waiver, estoppel, and unclean hands); *Stevens v. CoreLogic, Inc.*, No. 14-cv-1158-BAS-JLB, 2015 U.S. Dist. LEXIS 156161, *11-12, 2015 WL 7272222 (S.D. Cal. November 17, 2015) (finding no fair notice provided for affirmative defenses of waiver, estoppel, acquiescence, statute of limitations, and laches where defenses "contain[ed] little more than a recitation of legal doctrines of questionable applicability to Plaintiffs' claims"); *J & J Sports Prods., Inc.*, 2013 WL 2083123, at *3 (striking statute of limitation affirmative defenses because "assert[ions] in conclusory fashion that Plaintiff's claims are 'barred by the applicable statute of limitations'" is "insufficient as a matter of law."); *PK Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FTM-99CM, 2016 U.S. Dist. LEXIS 116057, *19-21, 2016 WL 4529323 (M.D. Fla. August 30, 2016) (finding that failure to reference either the applicable statute of limitations or the date upon which statute began to run "is the epitome of insufficient boilerplate pleading" and striking statute of limitation defense).

[4] The Fourteenth (failure to mitigate) and Fifteenth (comparative fault) affirmative defenses both contend that the recovery should be reduced on account of Plaintiff's own conduct without indicating any facts for how these concepts are applicable in this action. Other courts have stricken such defenses when there is no relevant content indicating how the theories are relevant to the action. *See Legacy v. Wells Fargo Bank*, No. 3:16-cv-0462-GPC-BLM, 2016 WL 2622953, at *4 (S.D. Cal. May 9, 2016) (striking affirmative defense for failure to mitigate damages where "[d]efendant fails to provide any factual basis or legal authority for this affirmative defense"); *Polk*, 291 F.R.D. at 491-492 (striking mitigation of damages defense and contributory negligence defense where there was no indication regarding the conduct supporting either defense); *G &*

list of the problematic or insufficient affirmative defenses. Given the limited judicial resources of the Court, it declines to engage in an extensive evaluation of each of Defendant's boilerplate defenses and instead orders Defendant to take the process of answering the complaint more seriously and file an amended answer that is thoughtful, well-considered, and relevant to cause of action alleged against it.[5]

Defendant, in amending the answer, should include only those affirmative defenses that pertain to the cause of action at issue. Defendant should be mindful of those defenses which Courts have stricken for providing insufficient notice or for not being a proper affirmative defense as indicated herein.

## V. CONCLUSION AND ORDER

In light of this Court's Order, the motion to strike, ECF No. 11, is MOOT. Defendant is directed to file an amended answer with **fifteen (15) days** of electronic service of this Order.

IT IS SO ORDERED.

Dated: __January 22, 2019__  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

*G Closed Circuit Events, LLC v. Nguyen,* No. 5:10–CV–05718 EJD, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011) (striking affirmative defenses, including failure to mitigate damages, because defendant failed to identify what damages could have been mitigated by the plaintiff or how she "failed to do so"). Similarly, the Fourth and Tenth affirmative defenses attribute responsibility for Plaintiff's injuries to acts performed by other parties that Defendant is not responsible for without any indication as who these other parties are and how they relate to the copyright infringement claim alleged against Defendant. *See Polk*, 291 F.R.D. at 491 (striking affirmative defenses that damages were caused by the actions or inactions of others where "Defendants fail to give Plaintiffs any indication as to who the 'others' referred to are, their relationship to them, or how they lacked control over them.").

[5] The Court notes that while many of Plaintiff's arguments appear to be legally correct, Plaintiff's motion has not indicated how he has been or would be prejudiced by the answer.