| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **UNITED STATES DISTRICT COURT** |
| 4 | |
| 5 | **FOR THE EASTERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| PAUL REIFFER, | 1:18-cv-1058-LJO-BAM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE SECOND MOTION TO STRIKE |
| v. | |
| HGM HOLDINGS LLC D/B/A HGM BUSINESS GROUP, | (ECF No. 19) |
| Defendant. | |

### I. <u>INTRODUCTION</u>

This is a copyright infringement dispute between Plaintiff Paul Reiffer ("Reiffer" or "Plaintiff"), a professional landscape, cityscape and commercial photographer, and Defendant HGM Holdings LLC, d/b/a HGM Business Group ("HGM" or "Defendant"), a consulting firm for small businesses that helps with strategic planning, daily operating procedure and marketing. ECF No. 1. The complaint alleges one count of copyright infringement in violation of 17 U.S.C. § 501, claiming HGM copied Reiffer's photograph from the internet to promote its business activities. *Id.* Defendant answered and on November 26, 2018, Plaintiff filed a motion to strike all twenty (20) of Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). ECF Nos. 6, 11. The Court denied the motion to strike as moot after ordering Defendant to file an amended answer that was more well-considered and relevant to the cause of action alleged against it. ECF No. 17 at 6.

Defendant filed an amended answer pursuant to the Court's Order. ECF No. 18. On February 28, 2019, Plaintiff again moved to strike all of Defendant's affirmative defenses in the amended answer.

1

ECF No. 19. Defendant opposed and Plaintiff replied. ECF Nos. 20, 22. The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court, either on its own or on a party's motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient if it fails to provide the plaintiff with fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Redundant" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 121, n.4 (D.P.R. 1972). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. . . . 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 1382 (2d ed.)), *rev'd. on other grounds*, 510 U.S. 517 (1994).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) (quoting *Fogerty*, 984 F.2d at 1527). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. *Id.* at 965-966; *Walters v. Fid. Mortg. of CA*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010) ("A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation."); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991), *on reconsideration*, No. CIV. 90-20610, 1991 WL 207480 (N.D. Cal. July 1, 1991) (same). Additionally, "[m]otions to strike are disfavored and infrequently granted." *Neveu v.*

*City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005); *Dorros v. JP Morgan Chase Bank, N.A.*, No. CV 10-08319 DMG (PJWx), 2011 WL 13217681, at *4 (C.D. Cal. July 22, 2011) ("Courts generally view Rule 12(f) motions with disfavor and grant them infrequently . . . because of the limited importance of the pleadings in federal practice."); *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading . . . is an extreme and disfavored measure.").

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). An affirmative defense is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (10th ed. 2014); *see also Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."). "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "It does not, however, require a detailed statement of facts." *Id.*

### III. DISCUSSION

The Court indicated in its prior Order that Defendant's prior answer and its twenty affirmative defenses contained nothing more than boilerplate pleading without any indication how the defenses apply to the facts of this case. *See* ECF No. 17. The amended answer instead pleads seven affirmative defenses only three of which were in the prior answer. *See* ECF No. 18. Plaintiff moves to strike the seven affirmative defenses now in HGM's amended answer, claiming again that Defendant filed "boilerplate, insufficient, and/or legally baseless affirmative defenses." ECF No. 19 at 3. Plaintiff

3

submits that "he will be prejudiced if he is forced to respond and litigate these improper affirmative defenses." *Id.* at 4. Defendant's only legal argument in opposition to the motion to strike is that such motions are disfavored and thus the motion should be denied. ECF No. 20. HGM does not address any of Plaintiff's individual arguments with respect to each affirmative defense. Defendant does submit that "Plaintiff's complaint is a boilerplate complaint that is only six pages and is [*sic*] offers very limited facts." *Id.* at 3.

While Defendant has not alleged facts to support the affirmative defenses now pled, Defendant has alleged defenses which appear at least facially relevant to the copyright infringement claim. As the Court previously intimated in its Order on the first motion to strike, while some of Plaintiff's arguments may be legally correct, Plaintiff's second motion to strike again does not demonstrate how he is prejudiced by the pleading of these seven affirmative defenses. *See* ECF No. 17 at 4-6 & n. 5. The second motion to strike appears to be a formalistic exercise and an unnecessary use of limited court resources as it does little to advance this litigation. *See Hernandez v. Balakian*, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *3 (E.D. Cal. June 1, 2007) ("While it appears that Plaintiff's position is legally correct, it also appears that Plaintiff's motion with regard to these affirmative defenses is . . . an unnecessary formalism wasting the time and resources of the parties and the Court.") (internal quotation marks omitted). Nevertheless, the Court addresses the second motion to strike each of the affirmative defenses below.

**A.**      **<u>First Affirmative Defense – Statute of Limitations</u>**

As to the first affirmative defense, claiming that Plaintiff's cause of action is barred by the three-year statute of limitation pursuant to 17 U.S.C. § 507(b), Plaintiff argues that the answer only states what the statute of limitations is but gives plaintiff vague or minimal information as to how it applies in this case. ECF No. 19 at 4. However, Plaintiff's complaint also does not make it clear when the alleged copyright infringement actually took place besides stating when the photograph was taken (2014) and when its copyright was registered (2017). It makes little sense to strike the statute of limitation defenses

when the complaint also lacks detail on the timing of its infringement claim. *See, e.g.*, *Dodson v. Munirs Co.*, No. CIV. S-13-0399 LKK, 2013 WL 3146818, at *8 (E.D. Cal. June 18, 2013) (denying motion to strike statute of limitations defense, reasoning that "given that plaintiff has failed to allege in his complaint the date(s) on which the alleged violations occurred, defendant cannot be expected to articulate the statutes of limitations that may bar plaintiff's claims"). The motion to strike is DENIED as to the first affirmative defense.

**B.     Second and Third Affirmative Defenses – Estoppel and Waiver**

As to the second and third affirmative defenses (estoppel and waiver), the Court previously warned Defendant that the conclusory statements in its answer with respect to these defenses have been found to be insufficient for failure to provide fair notice. *See* ECF No. 17 at 5, n. 3; *see also Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("simply refer[ring] to the doctrines without setting forth the elements of its affirmative defenses . . . does not provide 'fair notice' of [defendant's] defenses" of waiver, estoppel, and unclean hands); *Stevens v. CoreLogic, Inc.*, No. 14-cv-1158-BAS-JLB, 2015 WL 7272222, at *4 (S.D. Cal. November 17, 2015) (finding no fair notice provided for affirmative defenses of waiver, estoppel, acquiescence, statute of limitations, and laches where defenses "contain[ed] little more than a recitation of legal doctrines of questionable applicability to Plaintiffs' claims"). Defendant did not bother to change or amend the conclusory terms of these affirmative defenses despite being given the opportunity to do so by the Court. Accordingly, the second and third affirmative defenses for estoppel and waiver are therefore STRICKEN without leave to amend.

**C.     Fourth, Fifth, and Sixth Affirmative Defenses – Fair Use, License, and Abandonment**

With respect to the fourth affirmative defense (fair use), fifth affirmative defense (license), and sixth affirmative defense (abandonment), Plaintiff submits essentially the same arguments that these are not "proper affirmative defense[s]" and that Defendant does not allege enough facts to substantiate these defenses, rendering them insufficient. ECF No. 19 at 6-7. With respect to the fourth and fifth affirmative defenses, Plaintiff cites to *Facebook, Inc. v. Power Ventures, Inc.*, No. C 08-05780 JW, 2010 WL

5

3291750, at *15 (N.D. Cal. July 20, 2010) and *Daley v. Scott*, 2016 U.S. Dist. LEXIS 83735, at *4 (M.D. Fla. June 28, 2016) for the proposition that "barebones pleading" is inadequate. *Id.* In moving to strike the sixth affirmative defense for abandonment of rights, Plaintiff appears to be litigating whether the defense could be successful on the merits in his motion to strike. ECF No. 19 at 7-8.

A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. *See, e.g.*, *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d at 965-66; *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike."), *aff'd sub nom. S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998). Here it is possible that these affirmative defenses have some bearing on the copyright infringement claim. It is not clear whether HGM's fair use, license, abandonment defenses will be successful, but that is not for the Court to decide on a motion to strike. *See United States v. Wang*, 404 F. Supp. 2d 1155, 1158 (N.D. Cal. 2005) ("motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation") (quoting *Colaprico*, 758 F. Supp. at 1339). In the absence of any arguments from Plaintiff that such defenses are inapplicable to the cause of action, the Court will not strike these defenses, as it appears fair use, license, or abandonment may be applicable to the copyright infringement claim stated against Defendant and therefore may have some possible bearing on the litigation. *Cf. Joe Hand Promotions, Inc. v. Dorsett*, No. 12-CV-1715-JAM-EFB, 2013 WL 1339231, at *4 (E.D. Cal. Apr. 3, 2013) (striking fair use affirmative defense where no copyright infringement claim had been asserted); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (license and abandonment may apply in certain narrow circumstances to copyright claims), *as amended* (Apr. 3, 2001), *aff'd*, 284 F.3d 1091 (9th Cir. 2002). As to Plaintiff's arguments on the merits of the sixth affirmative defense for abandonment, such merits arguments are not appropriate on a motion to strike. *See, e.g.*, *Neveu*, 392 F. Supp. 2d at 1185.

Additionally although these affirmative defenses do not allege facts in support, Plaintiff does not

explain how he will be prejudiced by the pleading of these defenses besides stating in conclusory terms that each of these defenses prejudices him. ECF No. 19 at 6-7 ("This affirmative defense prejudices the Plaintiff by forcing him to litigate extraneous issues which is a waste of both time and money.").[1] It is not clear what extraneous issues Plaintiff will be forced to litigate as a result of these defenses that may be relevant to the copyright infringement claim. *See San Diego Unified Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 854, 861 (S.D. Cal. 2018) (denying motion to strike affirmative defenses, finding in part "the Court cannot conclude at this early stage in proceedings that these defenses will have no possible bearing on the subject matter of the litigation"). Motions to strike pursuant to Rule 12(f) "should only be granted if the 'matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'" *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Rivers v. County of Marin,* 2006 WL 581096, at *2 (N.D. Cal. 2006)) (emphasis in original). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *Id.*; *see also Joe Hand Promotions, Inc*., 2013 WL 1339231, at *6 (denying motion to strike license defense when plaintiff failed to demonstrate prejudice or to provide authority to support striking defense).[2] The Court finds that Plaintiff has not demonstrated how

---

[1] The Court notes that Plaintiff's prejudice argument premised on a waste of resources is somewhat undermined by litigating two motions to strike, despite their disfavored status, rather than advancing the litigation. *See, e.g.*, *Shire LLC v. Impax Labs., Inc.*, No. C 10-5467 RS, 2011 WL 13152734, at *4 (N.D. Cal. Aug. 29, 2011) (noting that striking defense and requiring Defendant to restate it "would waste resources better spent on advancing this case on the merits" and denying motion to strike subject matter jurisdiction defense.) In the future, the parties are encouraged to meet and confer in an attempt to resolve issues reasonably prior to filing motions.

[2] *But see Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802–03 (C.D. Cal. 2016) (finding abandonment and statute of limitation affirmative defense were devoid of factual allegations and striking them); *Wild v. Benchmark Pest Control, Inc.*, No. 1:15-cv-01876- JLT, 2016 WL 1046925, at *3-*4 (E.D. Cal. Mar. 16, 2016) (granting motion to strike fair use and abandonment affirmative defenses in copyright infringement action where they were without "supporting factual allegations."). The Court separately notes that it declines to enter the muddy waters on whether the heightened pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to pleading affirmative defenses in the context of this motion. Plaintiff's reply brief argues that "[t]he Eastern District requires and follows the heightened pleading standards set forth in *Iqbal* and *Twombly* for the pleading of affirmative defenses." ECF No. 22 at 3 (citing *Dodson v. Munirs Co.*, No. CIV. S-13-0399 LKK, 2013 WL 3146818, at *2-*3 (E.D. Cal. June 18, 2013) ("District courts within the Ninth Circuit are divided as to whether *Twombly* and *Iqbal* apply to affirmative defenses")). However, since *Dodson*, other courts in this district have found that "[t]he Ninth Circuit has spoken to the standard by which affirmative

1 he will prejudiced by the lack of factual detail provided in these defenses.

2 Accordingly, the motion to strike the fourth, fifth, and sixth affirmative defenses is DENIED.

**D.      Seventh Affirmative Defense - Defective Copyright**

Plaintiff argues that the seventh affirmative defense of defective copyright points to a defect in plaintiff's prima facie case and therefore is not technically an affirmative defense and should be stricken. ECF No. 19 at 8. While Plaintiff may be correct that "[d]efenses challenging elements of a plaintiff's prima facie case are not appropriately characterized as affirmative defenses[,]" as the Court previously noted "district courts within this circuit have held that denials that are improperly pled as defenses should not be stricken on that basis alone." *San Diego Unified Port Dist.*, 309 F. Supp. 3d at 861 (collecting cases); *see also* ECF No. 17 at 5, n.2; *Joe Hand Promotions, Inc.*, 2013 WL 1339231, at *3 (noting that lack of proximate cause and lack of damages are not proper affirmative defenses as they merely negate elements of plaintiff's claims and attack plaintiff's prima facie case but denying motion to strike these defenses because Plaintiff failed to indicate how it was prejudiced by the presence of these defenses besides making a conclusory statement). Besides the repeated chorus in the motion that all the affirmative defenses "forc[e] [Plaintiff] to litigate issues without any basis or allegation and [are] a waste of both time and money[,]" ECF No. 19 at 6-9, Plaintiff does not actually explain how this seemingly relevant defense, albeit not technically an *affirmative* defense, would cost it more resources to litigate in the context of this copyright infringement suit. *See, e.g.*, *Mophie, Inc. v. Shah*, No. SA CV 13-cv-01321 DMG (JEMx), 2014 WL 12771126, at *2 (C.D. Cal. Jan. 23, 2014) (finding the conclusory argument that "if these insufficient and material defenses were to remain, they would needlessly

---

defenses must be pled" and decided that "the 'fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'" *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (citing *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)). In *Gomez*, the court noted that "[i]n this district, courts have recently read *Kohler* to have resolved the split regarding whether the heightened 'plausibility' requirement set out in *Twombly* and *Iqbal* modifies the 'fair notice' standard traditionally applied to affirmative defenses; they found that it does not." *Id.* (but noting that courts in the Northern District continue to apply the plausibility standard finding that *Kohler* did not specifically address the question). Because Plaintiff has failed to show prejudice, the Court declines to address whether the heightened pleading standard applies.

8

complicate the litigation and force [Plaintiff] to conduct unnecessary and costly discovery, and to ultimately address them at a later date" to be insufficient to establish prejudice). Plaintiff here has not demonstrated prejudice and the motion to strike the seventh affirmative defense is DENIED.

As the Court previously noted, "[m]otions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 1381 (3d ed.). Plaintiff fails to demonstrate or explain how litigating these seven affirmative defenses will prejudice him, particularly given that four of the seven defenses appear, at least on their face, to be related to a copyright infringement cause of action. It makes little sense to require Defendant to plead in greater detail when Plaintiff's complaint itself is a very short, concise pleading that involves a single claim of copyright infringement. *See, e.g.*, *Rosen*, 222 F. Supp. 3d at, 802-03 (C.D. Cal. 2016) (finding very general "level of specificity [in affirmative defenses for license] particularly adequate in light of Plaintiff's own vague allegations in the FAC.").

## IV. CONCLUSION AND ORDER

Plaintiff's motion to strike, ECF No. 19, is GRANTED as to the second and third affirmative defenses without leave to amend and DENIED as to the remaining affirmative defenses.

IT IS SO ORDERED.

Dated: **April 1, 2019**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE