UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL REIFFER,<br><br>    Plaintiff,<br><br>v.<br><br>HGM HOLDINGS LLC,<br><br>    Defendant. | Case No. 1:18-cv-01058-NONE-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART STIPULATION TO EXTEND DISCOVERY AND CONTINUE ASSOCIATED DATES**<br><br>(Doc. No. 40) |

Currently before the Court is the parties' stipulation to modify the scheduling order in this case. (Doc. No. 40.) According to the stipulation, on February 12, 2020, Plaintiff Paul Reiffer ("Plaintiff") served a notice of deposition on Defendant HGM Holdings LLC ("Defendant") for a deposition to occur on March 5, 2020. (*Id.*) On March 2, 2020, Defendant's counsel notified Plaintiff's counsel that he was unavailable for the deposition and out of town from March 4, 2020, to March 9, 2020. (*Id.*) The parties seek to extend discovery for sixty (60) days in order to complete Defendant's deposition as well as other unidentified "outstanding discovery." (*Id.*) The parties further request that the Court "continue all other dates in the scheduling order accordingly[.]" (*Id.*)

Plaintiff previously filed a motion to modify the Scheduling Order and extend the time to complete non-expert discovery to March 13, 2020, which Defendant did not oppose. (*See* Doc. No. 31.) In its order granting the requested modification, the Court noted that Plaintiff's motion was filed on the last day of the applicable deadline for completion of non-expert discovery. (Doc. No. 38.) The Court reminded counsel that, pursuant to Local Rule 144(d), he was obligated to seek to obtain any necessary extensions from the Court as soon as the need for an extension became apparent and requests for Court-approved extensions brought on the

required deadline are looked upon with disfavor. (*Id.*)  The parties were further cautioned that requests for further modifications of the Scheduling Order would not be granted absent a demonstrated showing of good cause.  (*Id.*)

Here, the parties filed their stipulation on March 12, 2020, the day before the current deadline for completion of non-expert discovery.  (Doc. No. 40.)  Moreover, the stipulation does not explain why a continuance of sixty (60) days is necessary in light of counsel for Defendant's unavailability for five (5) days, nor does it identify the basis for the parties' request to continue "all other dates" set forth in the Scheduling Order.  *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The Court therefore finds good cause to partially grant and partially deny the parties' request to modify the Scheduling Order in this action.

To accommodate the Court's calendar as well as the availability of judges to decide this case, and in light of the Standing Order issued by District Judge Dale A. Drozd (Doc. No. 39-1), IT IS HEREBY ORDERED that the Scheduling Order (Doc. No. 30) is modified as follows:

| | |
|---|---|
| Non-Expert Discovery Cutoff: | **April 13, 2020** |
| Pretrial Motion Filing Deadline: | **May 15, 2020** |
| Pretrial Conf: | **July 3, 2020**<br>**1:30 p.m.**<br>**Dept 4 (NONE)** |

The remainder of the parties' request is denied without prejudice and all other deadlines set forth in the Scheduling Order remain unchanged.  The parties are advised that no further extensions or modifications of the deadlines in this case will be granted absent a demonstrated showing of good cause, which will be narrowly construed.

IT IS SO ORDERED.

Dated:   **March 16, 2020**          /s/ *Barbara A. McAuliffe*          
                                      UNITED STATES MAGISTRATE JUDGE