1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 PAUL REIFFER, | Case No.  1:18-cv-01058-NONE-BAM |
| 12      Plaintiff, | **ORDER GRANTING MOTION TO EXTEND DISCOVERY AND CONTINUE** |
| 13   v. | **ASSOCIATED DATES** |
| 14 HGM HOLDINGS LLC, | (Doc. No. 44) |
| 15      Defendant. | |

16

17      Currently before the Court is Plaintiff Paul Reiffer's ("Plaintiff") Motion to Extend

18 Discovery and Continue Associated Dates.  (Doc. No. 44.)  Defendant HGM Holdings LLC

19 ("Defendant") filed a statement of non-opposition to the motion.  (Doc. No. 46.)  The Court

20 found the matter suitable for decision without the need for oral argument pursuant to Local

21 Rule 230(g).  (Doc. No. 45.)  Having considered the motion as well as the entire record in this

22 case, the Court GRANTS the motion as follows.

23      Plaintiff seeks to modify the Scheduling Order in this case and extend the deadlines for

24 completion of non-expert discovery, dispositive motions, and trial due to the ongoing COVID-

25 19 pandemic and because counsel for Defendant has not been responsive to Plaintiff's efforts to

26 complete discovery.[1]  (Doc. No. 44.)  Plaintiff intends to file a motion to compel discovery and

27
28

---

[1]      In the motion, Plaintiff also requests that the Court set a video settlement conference.  (Doc. No. 44.)  The parties may jointly request a settlement conference by contacting Esther Valdez, Courtroom Deputy, at evaldez@caed.uscourts.gov.

requests that non-expert discovery be continued to June 5, 2020, "or until 30 days after the national emergency is declared over[.]" (*Id.*)

The Court finds that there is good cause to grant Plaintiff's request to extend non-expert discovery to June 5, 2020, and to extend the dispositive motion deadline, pretrial conference, and trial accordingly. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To accommodate the Court's calendar as well as the availability of judges to decide this case, and in light of the Standing Order issued by District Judge Dale A. Drozd (Doc. No. 39-1), IT IS HEREBY ORDERED that the Scheduling Order (Doc. No. 30) is modified as follows:

| | |
|---|---|
| Non-Expert<br>Discovery Cutoff: | **June 5, 2020** |
| Pretrial Motion<br>Filing Deadline: | **July 10, 2020** |
| Pretrial Conf: | **November 6, 2020**<br>**1:30 p.m.**<br>**Dept 4 (NONE)** |
| Trial: | **January 12, 2021**<br>**8:30 a.m.**<br>**Dept 4 (NONE)** |

The parties are strongly encouraged to resolve any discovery disputes according to the Court's informal discovery dispute procedures. Plaintiff is further reminded that, as explained in the Scheduling Order, compliance with the non-expert discovery cutoffs requires motions to compel to be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

The Court also notes that this is the third request and Plaintiff's second motion to modify the Scheduling Order in this case. (*See* Doc. Nos. 38, 41.) No further extensions or modifications of the deadlines in this case will be granted absent a demonstrated showing of good cause, which will be narrowly construed. Fed. R. Civ. P. 16(b). However, good cause

may consist of the inability to comply with court orders in light of the COVID-19 pandemic.
Any such future difficulties should be explained.

IT IS SO ORDERED.

Dated:   **April 20, 2020**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE